EVERETT M. JOHNSON *et ux. vs.* JOSEPH E. JOHNSON.

APRIL 8, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is a bill in equity to obtain specific performance of an oral agreement to convey real estate. The cause was heard in the Superior Court on bill, answer and proof, and is now before us on the respondent's appeal from a decree of said court ordering a conveyance subject to an estate for life in the respondent.

The complainants are husband and wife. The bill alleges that the complainants, at the request of the respondent, who is an uncle of said husband, entered into an oral agreement with said respondent under the terms of which they were to give up their home in Brooklyn, New York, and come

to live with him at his home in East Providence, operate the same and provide him with the comforts and conveniences of a home; and that in consideration therefor, he would convey to them the dwelling house in which he lived and the land connected therewith subject to his life estate therein. The bill further avers that in accepting this proposition the complainants disposed of their furniture and household effects, gave up their residence, home and employment in Brooklyn, New York, and came to live at said house on or about the 15th day of April, 1927, and continued to live there, provide a home for the respondent and care for him until April, 1929, when the respondent terminated the agreement by ordering them out of the house. The complainants further allege that they, on their part, performed the agreement and stood ready and willing at all times to fully comply with the terms thereof.

The respondent contends that the decree is against the law and the evidence. Allegations of agreements of this nature are always viewed with suspicion, especially if the alleged promisor has deceased; and courts will require very clear and convincing proof. The trial justice found that the complainants had established the agreement as alleged; that there was ample consideration for the agreement and that there had been such a part performance in addition to the substantial improvements made as to take the agreement out of the Statute of Frauds.

We think the proof was both clear and convincing. The respondent's letter to the complainants shows that he thought that he was giving them an opportunity of a lifetime. In the letter he states: "So I will look for you soon to assume your duties as landlord, and I as only a boarder."

The testimony of the complainants supporting the agreement was very fully corroborated by a neighbor who was apparently disinterested. To care for the respondent the husband gave up his position with wages at $40 per week. Complainants had expended considerable money to prepare the wife for a business career which was abandoned. They

had no income from earnings during the two years they were caring for respondent.

Complainants' expenditures were from their small savings, and they made some improvements to the property The respondent was a man nearly eighty years old and very deaf.

The rule that a sufficient part performance coupled with improvements will take the agreement out of the Statute is based on estoppel. 36 Cyc. 691, 692.

The respondent's contention that he merely promised the complainants the rent of the house, in return for the sacrifices made and services rendered, is very unreasonable in the circumstances. Possession of the property was delivered to the complainants. The only compensation received by them in return for their sacrifices, and for services for two years, was the rent of the house, an item very insignificant.

Taking possession in pursuance of the contract together with payment of a substantial part of the purchase price is generally regarded sufficient to avoid the bar of the Statute. 36 Cyc. 654. The trial justice was warranted in finding that the sacrifices made at the respondent's request, the entering into possession and the care and attention given the respondent for two years—and until he ordered them to leave—without compensation, and the repairs made, are, as a whole, referable only to an agreement that the complainants would receive some title to the property. By the great weight of authority such part performance is sufficient to avoid the Statute, particularly where there has been such a change in the complainant's conditions that he cannot be adequately compensated in damages. 36 Cyc. 654; *Tingley* v. *Jacques*, 43 R. I. 367; *Spencer* v. *Spencer*, 25 R. I. 239.

The appeal is denied. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Edward F. McElroy, Justin P. McCarthy*, for complainants.
*Everard Appleton*, for respondent.